

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-4554
Re: Under the facts stated would
the County Treasurer of Hunt
County be entitled to a com-
mission for handling the pro-
ceeds of road bonds?

Your letter requesting our opinion on the above
stated question reads in part as follows:

"Under the provisions of Article 752 RCS
a political subdivision of this county, that
is a Justice Precinct held an election and vot-
ed special road bonds. These bonds have been
issued and the County Treasurer has received
the money for the sale of the bonds that have
become due. The county treasurer contends that
he is entitled to a commission for handling
this money.

"By order of the Commissioners Court the
total compensation of the county treasurer has
been limited to $600.00 for a number of years.
His salary was set at $600.00 the year such
bonds were issued and for each year thereafter
by proper order of the commissioners court.

"It is held in Williams vs. Cass County
147 S W 2d 586 that the commissioners court
may limit the total annual compensation to be paid to
the county treasurer at not less than the total
sum earned as compensation by him in his official
capacity for the fiscal year 1935 and not more
than the maximum amount allowed such officer under
laws existing on August 24, 1935. On August 24, 1935

the County Treasurer of this county was
allowed the sum of $600.00 as total annual
compensation for his services by order of
the commissioners court theretofore passed.

"It has been held, as I understand it,
that the county treasurer is nevertheless en-
titled to compensation for handling special
funds which are not county funds such as
funds for levee and drainage improvement dis-
tricts and the like. Therefore the question
here is as I see it, are the funds of a
special road district, created from a politi-
cal subdivision of the county, county funds.
If they are, it would seem to me to follow
that the county treasurer would not be en-
titled to additional compensation for handl-
ing these funds. Article 752o provides that
the county treasurer is custodian of such
funds and shall deposit them with the county
depository in the same manner as county funds
are deposited. Article 752p provides for the
paying out of such funds by the county trea-
surer upon proper warrants drawn upon the
road fund. Article 752r provides 'Any road
district or any political subdivision accept-
ing the provisions of this act shall be a
body corporate and may sue and be sued in like
manner as counties.' This act appears to have
been passed in 1926. The Supreme Court in
Winder Bros vs. Sterling 12 S W 127 states
that a road district of a county may be a body
corporate or the description may signify merely
an administrative device of the county itself.

"From these statutes cited and from the
construction placed thereon by the courts it
seems clear to me that the handling of the
funds of a special road district created from
a political subdivision of the county is as
much the duty of the county treasurer as the
handling of any other county funds, and the
county treasurer would not be entitled to ad-
ditional compensation by reason of the receiv-
ing and paying out of such funds."

We have carefully considered the statutes and cases mentioned in your letter in connection with certain provisions of Article 3912e, Vernon's Annotated Civil Statutes, and our opinion No. 0-2940, and agree with the conclusion reached by you.

Section 3 of Article 3912e, supra, provides in part:

"In all cases where the Commissioners' Court shall have determined that county officers or precinct officers of such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; . . . provided further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties."

Section 13 of said Article 3912e provides in part:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessors and collectors of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual

salary in twelve (12) equal installments of
not less than the total sum earned as com-
pensation by him in his official capacity for
the fiscal year 1935, and not more than the
maximum amount allowed such officer under laws
existing on August 24, 1935. . . ."

We note that you state: "Therefore the question
here is as I see it, are the funds of a special road district,
created from a political subdivision of the county, county
funds."

For the purpose of this opinion we do not think
it is necessary to pass on this proposition. If the road
district funds are county funds, the county treasurer is
clearly not entitled to any commission for handling them
under the express provisions of Article 3912e, supra. If
they are not county funds and there is no statute that we
have been able to find allowing the treasurer a commission
for handling them, then the treasurer cannot collect a com-
mission, for none has been fixed and it has been made his
duty to receive and disburse said funds by Article 7520,
supra.

In view of the foregoing, it is our opinion that
the above stated question should be answered in the negative,
and it is so answered.

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

Approved May 15, 1942
/s/ Gerald C. Mann
Attorney General of Texas

By    /s/
                    Ardell Williams
                        Assistant

Approved: Opinion Committee
By BWB, Chairman

WJF

AW:GO